421 F.3d 81
 CITIGROUP, INC., Salomon Smith Barney Holdings, Inc., Salomon, Inc., Plaintiffs-Counter-Defendants-Appellants,
v.
INDUSTRIAL RISK INSURERS and Westport Insurance Corporation, Defendants-Cross-Defendants-Appellees,
7 World Trade Company, L.P., Intervenor-Defendant-Counter-Claimant-Appellee.
Docket No. 04-5156-CV.
 United States Court of Appeals, Second Circuit.
 Argued: June 21, 2005.
 Decided: July 1, 2005.
 Amended: August 11, 2005.
 
 Mark F. Bruckmann, Bruckmann & Victory LLP, New York, N.Y. (Patrick J. Maloney, Timothy G. Church, New York, NY, on the brief), for Plaintiffs-Counter-Defendants-Appellants.
 William E. Reed, III, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA (Alan R. Miller, Peter J. Barrett, Robins, Kaplan, Miller & Ciresi L.L.P., Boston, MA; Luise A. Barrack, Rosenberg & Estis, P.C., New York, NY, on the brief), for Defendants-Cross-Defendants-Appellees.
 Eric Seiler, Friedman Kaplan Seiler & Adelman LLP, New York, N.Y. (Katherine L. Pringle, Marci R. Etter, New York, NY, on the brief), for Intervenor-Defendant-Counter-Claimant-Appellee.
 Before: NEWMAN, WINTER, and SOTOMAYOR, Circuit Judges.
 PER CURIAM.
 
 
 1
 In November 1988, Citigroup, Inc. entered into a 20-year lease agreement with 7 World Trade Company ("7WTCLP") for twenty-four of forty-seven floors at 7 World Trade Center.[1] The lease allocated to each party sole and exclusive responsibility for insuring its own property. It obligated Citigroup to carry insurance on "Tenant's Property," defined as property "which can be removed without jeopardizing the structural integrity of the Building" or causing "irreparable damage to . . . the Building systems." It obligated 7WTCLP to carry insurance on "Landlord's Property," defined as property that cannot be removed without jeopardizing the building or its systems.
 
 
 2
 In its action, Citigroup seeks to recover under 7WTCLP's insurance policy with Industrial Risk Insurers ("IRI") for the loss of Citigroup's permanent but removable property at the rental site. For the reasons ably stated by Judge Miriam Goldman Cedarbaum, we agree with the district court that Citigroup's property was not covered under the IRI policy because 7WTCLP lacked an insurable interest in Citigroup's property and, by the policy's definition, such property was not among those that were insured. See Citigroup, Inc. v. Indus. Risk Insurers, 336 F.Supp.2d 282, 288-91 (S.D.N.Y.2004).
 
 
 3
 Citigroup argues that despite the clear language in the IRI policy, this Court should find that 7WTCLP possessed an insurable interest in Tenant's Property under the reasoning of Zurich American Ins. Co. v. ABM Indus., Inc., 397 F.3d 158 (2d Cir.2005).[2] This Court held in Zurich American that "[t]he outer reaches of an interest that can be insured clearly encompass an indirect economic interest in the property. Such an interest can be insured, if, as is the case here, it falls within the definitional boundaries set by the insurance policy." Id. at 168. Citigroup argues that 7WTCLP possessed an "indirect economic interest" in Tenant's Property and therefore had an insurable interest in that property. Zurich American clearly states, however, that an "indirect economic interest" can be insured only "if . . . it falls within the definitional boundaries set by the insurance policy." Id. 7WTCLP's insurance policy explicitly exempts Tenant's Property from coverage. Thus, 7WTCLP possessed no insurable interest in that property.
 
 
 4
 The judgment of the district court is affirmed.[3]
 
 
 
 Notes:
 
 
 [1]
 The tenant that entered into this lease agreement with 7WTCLP was actually Salomon, Inc., which no longer exists. Salomon, Inc. merged with Smith Barney Holdings, Inc. to become Salomon Smith Barney Holdings, Inc., which is now a subsidiary of Citigroup. For the sake of clarity, we adopt the parties' reference to the plaintiffs collectively as "Citigroup."
 
 
 [2]
 With respect to Citigroup's assertion that Judge Cedarbaum raised the issue of insurable interestsua sponte, we find the argument to be completely without merit. This issue was discussed in the parties' briefing and at oral argument before the district court.
 
 
 [3]
 We do not reach the question of whether Citigroup was, or should be considered, a loss payee under 7WTCLP's insurance policy with IRI